## ARBA G. HYDE & wife *vs.* ALONZO C. CHAPIN.

A proceeding under the bastardy act, before *St.* 1851, *c.* 96, having been remanded by an order of this court to the court of common pleas, without specifying whether it should be entered at a civil or criminal term thereof, the case was entered and proceeded upon at the next civil term, and the respondent appeared therein generally ; it was held, that by the appearance, the misentry was prevented from working a discontinuance.

A proceeding under the bastardy act, having been pending in the court of common pleas, at a civil term thereof, and brought into this court by exceptions, together with the record and papers, and the case having been remanded to the court of

common pleas, and duly entered, at a criminal term thereof; it was held, **that** the record and papers must be considered in that court, as if filed and allowed therein, under the order of this court by which the case was remanded.

THIS was a proceeding under the Rev. Sts. *c.* 49, relating to the maintenance of bastard children. On the 11th of January, 1844, the female complainant, then sole, by the name of Jane C. Rice, made a complaint before a magistrate against the respondent, accusing him of being the father of a bastard child, of which she had been delivered. The respondent was brought before the magistrate, the next day, and upon his order, gave bond for his appearance at the February term, 1844, of the court of common pleas, to answer to the complaint.

The case was entered accordingly, and being tried at the October term following, the respondent alleged exceptions, and brought his case into this court, where the parties were heard; and the court remanded the case to the court of common pleas, without designating whether at a civil or criminal term, for further proceedings. See *Rice* v. *Chapin,* 10 Met. 5. The case was again entered in the court of common pleas, at the June term, 1846, which was a term held exclusively for civil business, and the complainant then moved for leave to file an amended complaint, which motion was granted, and a complaint filed accordingly, at the February term, 1847.

The case was thence continued to the October term, 1847, when the defendant filed a plea in abatement, alleging that since the last continuance, the complainant had married one Arba G. Hyde. At the February term, 1848, Hyde was admitted, on motion, to carry on the proceeding, and an amended complaint was then filed by leave of the court, and the case was tried. The respondent, being convicted, alleged exceptions, upon which the case was again brought into this court. The exceptions were overruled, but the judgment was arrested, on the ground, that the case should have been entered at a term of the court of common pleas, held for the transaction of criminal business; and the case was accordingly remanded to the court of common pleas, and entered at the May term, 1849, which was held exclusively for the transaction of criminal

6 *

business. The entry was made in the name of " Jane C. Rice *vs.* Alonzo C. Chapin."

The respondent moved to dismiss the prosecution, on the ground, that the complainants had no authority to carry on the same, and that there were no legal proceedings or records filed in the case. This motion was overruled, and the cause proceeded to trial at the December term, 1849. For the purpose of the trial, a jury was impanelled and sworn, as in civil cases, and chose a foreman under the direction of the court. The respondent objected, but the objection was overruled, and the trial proceeded. The complainants produced the papers, which were in court and used in the trial, at the February term, 1848, no others having been subsequently filed, and read to the jury the amended complaint above mentioned filed at that time, and also the plea of not guilty, then filed by the respondent, together with the bond taken by the magistrate, and the complaint and examination before him. The respondent objected to the reading of these papers, as they were respectively offered, but his objections were overruled, and the jury found a verdict for the complainants. The court thereupon passed an order, in the usual form, for the support of the child by the respondent, with the assistance of the mother, but the respondent, not being personally present, the court ordered him to be defaulted, although his attorney appeared and answered for him. The respondent, by his counsel, filed a motion in arrest of judgment, which was overruled. He then alleged exceptions to the several rulings, decisions, and orders above mentioned.

*R. A. Chapman,* for the respondent.

*H. Morris,* for the complainants.

BY THE COURT. This case has twice been before this court at former terms. See *Rice* v. *Chapin,* 10 Met. 5; and *Hyde* v. *Chapin,* 2 Cush. 77. The old question, whether proceedings on the bastardy act were of a civil or criminal character, which was raised in the last of the above-reported cases, seemed to have been settled, and such proceedings to be assigned to the criminal jurisdiction of the court of common

Hyde & wife *v.* Chapin.

pleas, except when otherwise directed by statute, by the case of *Cummings* v. *Hodgdon,* 13 Met. 246.*

The entry of this suit originally in the court of common pleas was right, the proceeding having been commenced before the criminal term in the county of Hampden was established, (*St.* 1845, *c.* 253,) and the case came rightly to this court by exceptions. The order remanding it to the court of common pleas, which should have been to the next criminal term, was equivocal, and did not direct at what term it should be entered. The entry of the case, at the next civil term of the court of common pleas, was irregular; and had there been no appearance, such entry might have worked a discontinuance. But there was a general appearance, and that, we think, saved the discontinuance. Jenkins's Centuries, 57; 8 Petersdorff's Ab. 392; 1 Lilly's Ab. 475. The trial before that court was irregular, and the case was sent back and was rightly entered at the next criminal term of the court of common pleas. *Hyde* v. *Chapin,* 2 Cush. 77. The case came here properly by exceptions, and the court had jurisdiction and rightly remanded it. This court expressed no opinion, whether the court of common pleas would be bound to take jurisdiction, because the point was not argued. But the case itself indicated sufficiently, that if the court of common pleas could have jurisdiction at all, it must be exercised at the criminal term.

As to the last point, whether the complaint filed in the court of common pleas, at the civil term, was rightly before the court of common pleas at the late criminal term, the record shows, that when the proceedings came here from the court of common pleas, the record contained the complaint and proceedings *de facto,* and these, with the whole record, were transmitted to the criminal court of common pleas. They were adopted and acted upon at the trial, and are therefore to be considered as if filed and allowed, under the order

---

* A prosecution for bastardy is now declared, by *St.* 1851, *c.* 96, to pertain to civil proceedings, and to be cognizable solely by courts of civil jurisdiction.

of the supreme judicial court, by which they were thus sent.

*Exceptions overruled, and case remanded to the court of common pleas to enter the proper order.*